IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01782-GPG

JIM KHER, Member of weZpeople Advocacy Group, also known as Mazen J. Kherdeen,

    Plaintiffs,

v.

JOHN HICKENLOOPER, Individually and as Governor of the State of Colorado,
COLORADO STATE GOVERNMENT EXECUTIVE BRANCH ("CSGEB"),
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
RICK RAEMISCH, Individually and as Executive Director of CDOC,
WALT PESTERFIELD, Individually and as Director of Colorado Adult Parole,
ALISON MORGAN, Individually and as Deputy Director of Adult Parole,
CATHERINE ENGEL, Individually and as Director of Adult Parole Office,
JOHN BOGNER, Individually and as a Team Supervisor of Adult Parole,
JOEL CAMPBELL, Individually and as a Community Parole Officer,
JAN YUNKER, Individually and as a Community Re-Entry Specialist,
JAMES HANNAH, Individually and as Co-Owner of a Future and a Hope,
MARCIA HANNAH, Individually and as Co-Owner of a Future and a Hope,
A FUTURE AND A HOPE, J291113, LLC, a For Profit Limited Liability Company,
JOHN DOE 1-100,

DEFENDANTS.

---

## ORDER DENYING MOTION

---

    This matter is before the Court on Plaintiff's *pro se* "Emergency Ex-Parte Motion for Injunctive Relief Pursuant to Fed Rules of Civil of Procedure Rule 65," ("TRO Motion") (ECF No. 3), which the Court construes as a motion for a Temporary Restraining Order. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Plaintiff's motion for a TRO will be denied.

A party seeking a preliminary injunction must show:  (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  As to a temporary restraining order, the Federal Rules of Civil Procedure provide:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff, who currently resides in Littleton, Colorado, alleges in his motion that his Community Parole Officer ("CPO") directed him to return to his apartment, pack up his personal belongings, and not to return. (ECF No. 3 at 3).  According to Plaintiff, at first his CPO ordered him to vacate the apartment "immediately," but then extended the time until noon "tomorrow."  Although it is not clearly stated in the motion what date Plaintiff spoke to his CPO, it appears the conversation took place on August 17, 2015, so that

"tomorrow," as referenced by the CPO, would mean August 18, 2015. According to Plaintiff, the directive from the CPO to vacate his residence violates his civil rights. It is unclear from the allegations in the TRO (and there are no claims asserted in the Complaint at all) exactly what civil rights violations he is alleging.

Plaintiff requests the following relief from the Court:

1. Order all Defendants, specifically CDOC Parole Officer Joel Campbell and Jim Marcia Hannah from any contact with Kher and to be away from him by 100 feet at all times;
2. Order all defendants not to interfere with Kher's place of abode and to not take any action against Kher's residence without taking an order from this court.
3. Kher is a 61 year old man who has severe heart condition and moves the Court to appoint an Attorney-Ad-Litum [sic] to report back to the court of any further abuses.
4. To investigate the cozy relationship between the Hannah's and Parole Officer Joel Cambpell and CDOC Englewood Parole Office.
5. Order Kher to stay at his place of abode, being apartment 8 at building 5389 S. Elati Street, Englewood, CO 80 [sic]
6. For any further relief the Court may find reasonable.

(ECF No. 3 at 6-7).

The Court finds and concludes that Plaintiff is not entitled to issuance of a temporary restraining order. First, although Plaintiff alleges immediate and irreparable harm in the motion, he fails to allege such facts in a "verified complaint or affidavit," as required by Fed. R. Civ. P. 65. In fact, the Complaint, which was submitted the same day as the TRO Motion, contains no claims or request for relief at all, but simply lists the parties. (ECF No. 1). Second, although Plaintiff states that he called the Colorado Attorney General's Office and talked to the attorney who handles cases filed against the

Colorado Department of Corrections ("CDOC") about his intention of filing this TRO Motion, he provides no indication that he attempted to give notice to the other defendants or why such notice should not be required. According to Plaintiff's allegations, Defendants Jim and Marcia Hannah are property owners, doing business as "A Future and a Hope," they are not employees of the CDOC.

Therefore, Plaintiff has not complied with the requirements of Fed. R. Civ. P. 65 and his motion for a TRO will be denied. The Court also finds that on the limited record before the Court, there is no way to determine if Plaintiff has a "substantial likelihood of prevailing on the merits."

Accordingly, it is

**ORDERED** that the Plaintiff's "Emergency Ex-Parte Motion for Injunctive Relief Pursuant to Fed Rules of Civil of Procedure Rule 65" (ECF No. 3) filed on July 18, 2015, is **DENIED**.

DATED at Denver, Colorado, this  19th  day of    August   , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court