IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01782-GPG

JIM KHER, Member of weZpeople Advocacy Group, also known as Mazen J. Kherdeen,

    Plaintiffs,

v.

JOHN HICKENLOOPER, Individually and as Governor of the State of Colorado,
COLORADO STATE GOVERNMENT EXECUTIVE BRANCH ("CSGEB"),
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
RICK RAEMISCH, Individually and as Executive Director of CDOC,
WALT PESTERFIELD, Individually and as Director of Colorado Adult Parole,
ALISON MORGAN, Individually and as Deputy Director of Adult Parole,
CATHERINE ENGEL, Individually and as Director of Adult Parole Office,
JOHN BOGNER, Individually and as a Team Supervisor of Adult Parole,
JOEL CAMPBELL, Individually and as a Community Parole Officer,
JAN YUNKER, Individually and as a Community Re-Entry Specialist,
JAMES HANNAH, Individually and as Co-Owner of a Future and a Hope,
MARCIA HANNAH, Individually and as Co-Owner of a Future and a Hope,
A FUTURE AND A HOPE, J291113, LLC, a For Profit Limited Liability Company,
JOHN DOE 1-100,

    Defendants.

---

ORDER OF DISMISSAL

---

On August 18, 2015, Plaintiff, Jim Kher, filed pro se a Complaint (ECF No. 1), a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2), and an "Emergency Ex-Parte Motion for Injunctive Relief Pursuant to Fed Rules of Civil of Procedure Rule 65" ("TRO Motion") (ECF No. 3). On August 19, 2015, the Court denied the TRO motion. (ECF No. 5).

The Court must construe Plaintiff's complaint liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "the generous construction" that is afforded *pro se* pleadings has limits, and the court "must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012)(citation omitted). Although the court does not "hold the pro se plaintiff to the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own cause of action." *Id.* (internal quotation marks and citations omitted). Thus, the court "may not rewrite a [complaint] to include claims that were never presented." *Id.* A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as *pro se* litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). For the reasons discussed below, the Complaint and action will be dismissed.

After initial review pursuant to D.C.Colo.L.CivR 8.1(a), the Court finds that Plaintiff's Complaint should be dismissed summarily for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement serves two purposes: it informs defendants of the claims asserted so that they may respond to the complaint, and it "appris[es] the court of sufficient

allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

In this case, it is clear that Plaintiff's Complaint fails to meet even the minimal standards of notice pleading set out in Rule 8(a) because it fails to list any claims, any factual allegations, any basis for jurisdiction, or any request for relief. Instead, the Complaint merely lists the parties in the caption and the Plaintiff's signature. Although the separately filed TRO motion (ECF No. 3) did include some factual allegations, it was not referenced or incorporated into the Complaint in any way. Therefore, even liberally construing the *pro se* Complaint, it must be dismissed.

Accordingly, it is

**ORDERED** that the Complaint (ECF No. 1) and action are DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. It is

**FURTHER ORDERED** that Plaintiff's pending Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) is DENIED as MOOT. It is

**FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  24th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court