IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01782-LTB

JIM KHER, Member of weZpeople Advocacy Group, also known as Mazen J. Kherdeen,

    Plaintiffs,

v.

JOHN HICKENLOOPER, Individually and as Governor of the State of Colorado,
COLORADO STATE GOVERNMENT EXECUTIVE BRANCH ("CSGEB"),
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
RICK RAEMISCH, Individually and as Executive Director of CDOC,
WALT PESTERFIELD, Individually and as Director of Colorado Adult Parole,
ALISON MORGAN, Individually and as Deputy Director of Adult Parole,
CATHERINE ENGEL, Individually and as Director of Adult Parole Office,
JOHN BOGNER, Individually and as a Team Supervisor of Adult Parole,
JOEL CAMPBELL, Individually and as a Community Parole Officer,
JAN YUNKER, Individually and as a Community Re-Entry Specialist,
JAMES HANNAH, Individually and as Co-Owner of a Future and a Hope,
MARCIA HANNAH, Individually and as Co-Owner of a Future and a Hope,
A FUTURE AND A HOPE, J291113, LLC, a For Profit Limited Liability Company,
JOHN DOE 1-100,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion titled "Emergency Ex-Parte Motion to Vacate Dismissal Order for Cause or the Alternative, A Motion to Reconsider Orde [sic]" (ECF No. 12) submitted *pro se* on August 24, 2015 by Plaintiff. Mr. Kher asks the Court to vacate the dismissal order entered on August 24, 2015. The Court must construe the motion liberally because Mr. Kher is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Court's order and judgment filed on August 24, 2015, dismissed the Complaint and the action, and entered judgment in favor of Defendants and against Plaintiff. Plaintiff's motion to vacate or reconsider was submitted on the same day, so it was within twenty-eight days of the final judgment. Therefore, the Court will construe the motion liberally as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 (e).

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 10005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)*.* Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver,* 952 F.2d at 1243). Finally, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.,* 57 F.3d at 944.

In this case, the Court dismissed the Complaint and the action without prejudice because the Complaint contained no claims or factual allegations. The Complaint consisted of the caption page and the Plaintiff's signature. (ECF No. 1). The Plaintiff argues that there was a scanning error because the Complaint he submitted was "50 or so pages of Complaint pages and exhibits." (ECF No. 12 at 1). However, he did not attach the "50 or so pages" of the Complaint to his motion to reconsider. The Court has confirmed with the Clerk of the Court that there are no additional hard-copy pages in the Court's file that were mistakenly not scanned in this action. As such, the Court has only the originally filed Complaint – which is a total of 3 (three) pages – and includes only a caption page listing the parties and the signature of the Plaintiff. The three pages do not include any claims or factual allegations. Accordingly, Mr. Kher fails to demonstrate why the Court should reconsider and vacate the decision to dismiss the complaint. Therefore, the liberally construed motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 (e) will be denied. Accordingly, it is

ORDERED that the motion titled "Emergency Ex-Parte Motion to Vacate Dismissal Order for Cause or the Alternative, A Motion to Reconsider Orde [sic]" (ECF No. 12), which the Court has construed liberally as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 (e), is DENIED.  It is

FURTHER ORDERED that Plaintiff's other pending motions, including the "Motion to Add Aditional [sic] Identified Defendants" (ECF No. 10), "Ex Parte Verified Motion for Arrest Warrant against Joel Campbell" (ECF No. 11), and "Emergency Verified Ex-Parte Motion for Marshall Protection against the Threats and Aggression of Colorado State Employee Joel Campbell and His Colleagues at the CDOC Adult Parole Office" (ECF No. 13) are DENIED as moot.

DATED at Denver, Colorado, this  26th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court